NAPLES CITY, Plaintiff and Respondent,

v.

Jerry L. MECHAM, Defendant and Appellant.

No. 20408.

Supreme Court of Utah.

Oct. 29, 1985.

**360**

Robert M. McRae, Vernal, for defendant and appellant.

Ray E. Nash, Vernal, for plaintiff and respondent.

## MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Defendant Jerry L. Mecham was charged with violating a Naples City ordinance and convicted in a Naples City justice of the peace court for driving with a revoked driver's license and speeding. He appealed, was tried *de novo* in the district court, and was again convicted. He now appeals from the second conviction.

We have jurisdiction over appeals from a justice of the peace court only when the case raises a constitutional issue. U.C.A., 1953, § 78-3-5. Therefore, we address only defendant's claim that his due process rights were denied because Naples City failed to give adequate notice of its adoption of a traffic code. Specifically, Naples City gave public notice of its intention to adopt the state traffic code by posting notices on two telephone poles within the city limits and by posting a third notice at the city offices. Defendant argues that under *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the due process clause of the federal constitution requires that the best notice practicable be given. Since there was a newspaper of general circulation published in Uintah County, Mecham contends that the city should have published its notice in that newspaper.

*Mennonite*, however, is inapplicable here. That case dealt with the question of what notice must be provided to one having an interest in real property before the property can be sold at a tax sale. The Court found that where the name and address of the person whose interest would be affected was available, due process required that the governmental entity involved provide the best notice practicable and that published notice was not sufficient. *Id.* at 798-99, 103 S.Ct. at 2711-12. *Mennonite* has no bearing on the adequacy of notice given to the public at large of a generally applicable ordinance defining criminal conduct.

In this case, the legislature has determined that adequate notice of a municipal ordinance may be given by publishing a short summary of the ordinance "at least once in a newspaper published within the municipality, or if there is no newspaper published therein, then by posting complete copies in three public places within the municipality." U.C.A., 1953, § 10-3-711 (Supp.1983). The district court found that Naples City's actions in posting notice were in compliance with the requirements of section 10-3-711. Inasmuch as no newspaper is published in Naples City, that finding is sound.

We find defendant's challenge to the Naples City ordinance and, by implication, to the constitutionality of section 10-3-711, to be wholly without merit and hold that the statute establishes a reasonable means of providing general notice of the prohibited conduct.

Defendant's conviction is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.